UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, GREAT AMERICAN INSURANCE COMPANY and SWISS RE INTERNATIONAL SE, LUXEMBOURG, ZURICH BRANCH, as subrogees of Via Mat International Ltd. and/or Via Mat International (USA), Inc., and/or Via Mat International GMBH and/or Via Mat International (Hong Kong) Ltd. and/or Via Mat International AG and/or VIA MAT INTERNATIONAL (Shanghai) and/or Via Mat International (Dubai) as Agents and/or Associated and/or Subsidiary Companies, | Docket No.: **14-cv-5151(KAM)(MDG)** <br><br> **ISS ACTION'S VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

                                        **Plaintiff,**

                    -against-

SWISS INTERNATIONAL AIR LINES, LTD. and
ISS ACTION, INC.,

                                        **Defendants.**
-----------------------------------------------------------------------X

Defendants ISS ACTION, INC., (hereinafter referred to collectively as **"ISS"**), by and through its attorneys, **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**, hereby answers the plaintiff's complaint upon information and belief as follows:

## I. PARTIES

1.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1," of plaintiff's complaint.

2.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2," of plaintiff's complaint.

3.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3," of plaintiff's complaint.

5220411v.1

4.      ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4," of plaintiff's complaint.

5.      ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5," of plaintiff's complaint.

6.      ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6," of plaintiff's complaint.

## JURISDICTION and VENUE

7.      As its response to paragraph "7," of plaintiff's complaint, ISS denies knowledge and information and respectfully refers all questions of law to the Court.

8.      As its response to paragraph "8," of plaintiff's complaint, ISS denies knowledge and information and respectfully refers all questions of law to the Court.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.      ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9," of plaintiff's complaint.

10.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10," of plaintiff's complaint.

11.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11," of plaintiff's complaint.

12.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12," of plaintiff's complaint.

2

13.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13," of plaintiff's complaint.

14.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14," of plaintiff's complaint.

15.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15," of plaintiff's complaint.

16.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16," of plaintiff's complaint.

17.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17," of plaintiff's complaint.

18.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18," of plaintiff's complaint.

19.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19," of plaintiff's complaint.

20.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20," of plaintiff's complaint.

21.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21," of plaintiff's complaint.

22.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22," of plaintiff's complaint.

23.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23," of plaintiff's complaint.

**24.** ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24," of plaintiff's complaint.

**25.** ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25," of plaintiff's complaint.

**26.** ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26," of plaintiff's complaint.

**27.** ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27," of plaintiff's complaint.

**28.** ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "28," of plaintiff's complaint.

**29.** ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29," of plaintiff's complaint.

**30.** ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "30," of plaintiff's complaint.

**31.** ISS denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31," of plaintiff's complaint.

**32.** With regard to paragraph "32" of plaintiff's complaint, ISS denies responsibility or liability for the incident herein and therefore denies any obligation or duty to pay any sums of money to the plaintiffs.

### COUNT I – NEGLIGENCE ON THE PART OF
### SWISS INTERNATIONAL AIR LINES, LTD.

**33.** ISS repeats and reiterates each and every response to paragraphs "1" through "32" as if fully set forth at length herein as their response to paragraph "33" of plaintiff's complaint.

5220411v.1

34.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "34," of plaintiff's complaint.

35.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35," of plaintiff's complaint and denies knowledge or information to form a belief as to the truth of each and every allegation contained in subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l) contained therein.

36.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "36," of plaintiff's complaint.

37.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "37," of plaintiff's complaint.

## COUNT II – WILFUL NEGLIGENCE ON THE PART OF
## SWISS INTERNATIONAL AIR LINES, LTD.

38.     ISS repeats and reiterates each and every response to paragraphs "1" through "37" as if fully set forth at length herein as their response to paragraph "38" of plaintiff's complaint.

39.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "39," of plaintiff's complaint.

40.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "40," of plaintiff's complaint and denies knowledge or information to form a belief as to the truth of each and every allegation contained in subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l) contained therein.

41.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "41," of plaintiff's complaint.

42.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "42," of plaintiff's complaint.

## COUNT III – BREACH OF BAILMENT ON THE PART OF
## SWISS INTERNATIONAL AIR LINES, LTD.

43.     ISS repeats and reiterates each and every response to paragraphs "1" through "42" as if fully set forth at length herein as their response to paragraph "43" of plaintiff's complaint.

44.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "44," of plaintiff's complaint.

45.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "45," of plaintiff's complaint.

46.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "46," of plaintiff's complaint.

47.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "47," of plaintiff's complaint and denies knowledge or information to form a belief as to the truth of each and every allegation contained in subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l) contained therein.

48.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "48," of plaintiff's complaint.

49.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "49," of plaintiff's complaint.

## COUNT IV – BREACH OF CONTRACT ON THE PART OF
## SWISS INTERNATIONAL AIR LINES, LTD.

50.     ISS repeats and reiterates each and every response to paragraphs "1" through "49" as if fully set forth at length herein as their response to paragraph "50" of plaintiff's complaint.

6

51.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "51," of plaintiff's complaint.

52.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "52," of plaintiff's complaint.

53.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "53," of plaintiff's complaint.

54.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "54," of plaintiff's complaint.

55.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "55," of plaintiff's complaint.

56.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "56," of plaintiff's complaint.

57.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "57," of plaintiff's complaint.

58.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "58," of plaintiff's complaint and denies knowledge or information to form a belief as to the truth of each and every allegation contained in subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l) contained therein.

59.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "59," of plaintiff's complaint.

60.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "60," of plaintiff's complaint.

61.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "61," of plaintiff's complaint.

62.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "62," of plaintiff's complaint.

## COUNT V – BREACH OF CONTRACT AS TO
## THIRD-PARTY BENEFICIARY(ISS)

63.     ISS repeats and reiterates each and every response to paragraphs "1" through "62" as if fully set forth at length herein as their response to paragraph "63" of plaintiff's complaint.

64.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "64," of plaintiff's complaint and refer all questions of law to the Court.

65.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "65," of plaintiff's complaint and refer all questions of law to the Court.

66.     ISS denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "66," of plaintiff's complaint and refer all questions of law to the Court.

67.     ISS denies each and every allegation contained in paragraph "67," of plaintiff's complaint.

68.     ISS denies each and every allegation contained in paragraph "68," of plaintiff's complaint.

**69.**     ISS denies each and every allegation contained in paragraph "69," of plaintiff's complaint.

**70.**     ISS denies each and every allegation contained in paragraph "70," of plaintiff's complaint.

**71.**     ISS denies each and every allegation contained in paragraph "71," of plaintiff's complaint.

## COUNT VI – NEGLIGENCE ON THE PART OF<br>ISS

**72.**     ISS repeats and reiterates each and every response to paragraphs "1" through "71" as if fully set forth at length herein as their response to paragraph "72" of plaintiff's complaint.

**73.**     ISS denies each and every allegation contained in paragraph "73," of plaintiff's complaint.

**74.**     ISS denies each and every allegation contained in paragraph "74," of plaintiff's complaint and denies each and every allegation contained in subparagraphs (a), (b), (c), (d), (e), (f), (g), and (h) contained therein.

**75.**     ISS denies each and every allegation contained in paragraph "75," of plaintiff's complaint.

**76.**     ISS denies each and every allegation contained in paragraph "76," of plaintiff's complaint.

## COUNT VII – WILFUL NEGLIGENCE ON THE PART OF<br>SWISS INTERNATIONAL AIR LINES, LTD.

**77.**     ISS repeats and reiterates each and every response to paragraphs "1" through "76" as if fully set forth at length herein as their response to paragraph "77" of plaintiff's complaint.

5220411v.1

**78.**     ISS denies each and every allegation contained in paragraph "78," of plaintiff's complaint.

**79.**     ISS denies each and every allegation contained in paragraph "79," of plaintiff's complaint and denies each and every allegation contained in subparagraphs (a), (b), (c), (d), (e), (f), (g), and (h) contained therein.

**80.**     ISS denies each and every allegation contained in paragraph "80," of plaintiff's complaint.

**81.**     ISS denies each and every allegation contained in paragraph "81," of plaintiff's complaint.


## VI.  **DEMAND FOR RELIEF**

ISS repeats and reiterates each and every response as previously set forth herein in response to the allegations incorporated in the preceding paragraphs, specifically denies that any relief is warranted as its response to plaintiff's demand for relief, specifically denies that any legally cognizable cause of action exists against it, and respectfully refers all questions of law to the Court and all remaining questions of fact to the trier of fact.


## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

That the plaintiff has failed to state a cause of action upon which relief can be granted.

5220411v.1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Pursuant to the conditions of carriage set forth in the relevant contract(s) of transportation, ISS is not liable to plaintiff or, in the alternative, ISS defendant's liability is limited.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That any injuries sustained or suffered by the plaintiff, as stated in the Complaint herein, were caused in whole or in part by the comparative negligence, fault and/or want of care of the plaintiff and/or plaintiff's subrogors and the amount of damages awarded herein, if any, should be denied or diminished in proportion to the amount of said culpable conduct and negligence of plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Pursuant to the relevant Articles of the Montreal Convention, defendant  ISS is not liable to plaintiffs or, in the alternative, ISS' liability is limited.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's Complaint, such damages were caused by the culpable conduct of third-person(s) over whom the answering defendant exercised no control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, that answering defendant, its officers, agents, servants and/or employees, at all times mentioned in the Complaint, acted subject to privilege(s), codified in statutes and rules and recognized by Common Law.

11

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That answering defendant at all times mentioned in the Complaint, acted without malice, without intent to cause harm or injury, in good faith and with both probable cause and justification and without such conduct having exceeded that which was required under the circumstances.

## AS AND FOR A EIGHTH AFFIRMATION DEFENSE

In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent that an employee of the defendants is found to have acted outside the scope of his/her employment or in an unauthorized matter, the answering defendants are not responsible for unauthorized and unforeseeable acts of employees that were outside the scope of employment.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Any and all risks, hazards, defects or dangers alleged were open, obvious and apparent, natural and inherent and known, or should have been known to the plaintiff herein, and the plaintiffs voluntarily assumed all such risks, hazards, defects and dangers.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

While the answering defendant denies the plaintiffs' allegations of liability, injury and damages, if proven, they were the result of intervening and/or interceding acts of superseding

12

negligence, liability statutory liability, strict liability on the part of parties over which the answering defendant neither controls nor has the right to control, and for which acts or omissions this answering defendant is not legally responsible.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The answering defendants reserve the right to claim the limitations of liability provided pursuant to General Obligations Law § 15-108 and Article 16 of the C.P.L.R.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

That the occurrence alleged herein was spontaneous and unavoidable and could not have been caused by this answering defendant.

### AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks privity to maintain any claim based upon breach of warranty because there was no contract between the answering defendant and the plaintiff.

### AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to commence the subject action.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT SWISS INTERNATIONAL AIR LINES, LTD.

While the answering defendants herein deny the allegations of the complaint, should they be found to be true, upon information and belief, the damages sustained by plaintiff were caused in whole or in part by the negligence, carelessness, recklessness and/or wrongdoing of co-defendant SWISS INTERNATIONAL AIR LINES, LTD, its agents, directors, officers,

13

employees, or contracted agents, then SWISS INTERNATIONAL AIR LINES, LTD shall be liable for Contribution over, in whole or in part, to ISS for the amount of such judgment.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST
### CO-DEFENDANT SWISS INTERNATIONAL AIR LINES, LTD

By reason of the foregoing, answering defendants are entitled to full indemnity and/or contribution from, and to judgment over and against SWISS INTERNATIONAL AIR LINES, LTD for all or part of any verdict or judgment which plaintiffs may recover against this answering defendant.

### AS AND FOR A THIRD CROSS-CLAIM
### AGAINST CO-DEFENDANT SWISS INTERNATIONAL AIR LINES, LTD

In the event that the answering defendants herein are held liable for all or any part of the damages alleged to have been sustained by plaintiff, as set forth in his complaint, which liability is expressly denied, such liability will have been brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care and/or breach of contract on the part of SWISS INTERNATIONAL AIR LINES, LTD, its agents, directors, officers, shareholders, employees or contracted agents, without any fault, negligence or want of care on the part of the answering defendants herein contributing thereto, then said SWISS INTERNATIONAL AIR LINES, LTD, will be obligated to indemnify the answering defendants herein against such loss or damages as it may suffer on that account, including attorneys' fees, as provided by the applicable law.

5220411v.1

**WHEREFORE**, ISS demands judgment over and against plaintiff, and respectfully requests an Order dismissing plaintiff's amended complaint together with costs and disbursements.

Dated:  New York, New York
        September 22, 2014

                            Yours, etc.,

                            **WILSON, ELSER, MOSKOWITZ,
                            EDELMAN & DICKER LLP**

                    By: _____
                        Adam J. Detsky
                        Attorneys for Defendant
                        ISS ACTION, INC.
                        1133 Westchester Avenue
                        White Plains, NY 10604
                        (914) 872-7338
                        Adam.Detsky@wilsonelser.com
                        File No.: 11522.00056

15

STATE OF NEW YORK        )
                                      ) ss:
COUNTY OF WESTCHESTER )

      **ADAM J. DETSKY,** an attorney duly admitted to practice before the Courts of this State, affirms under CPLR Rule 2106, as follows:

      I am a member of the firm of **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER,** attorneys for the defendant, **ISS ACTION, INC.** herein, and have my offices located at 1133 Westchester Avenue, White Plains, New York 10604.  I have read the foregoing Verified Answer to Amended Complaint with Cross-Claims and believe the contents thereof to be true.  This verification is based upon notes, memoranda and documents in our file.  The reason this verification is made by me instead of by the Defendant **ISS ACTION, INC.** is because the Defendant **ISS ACTION** is not within the County of Westchester, which is where my office is located.

Dated:       White Plains, New York
               September 22, 2014

                                              _____
                                              Adam J. Detsky

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2014, the foregoing Verified Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated:      White Plains, New York
            September 22, 2014

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: ADAM J. DETSKY
Attorneys for Defendants
*ISS ACTION, INC.*
1133 Westchester Avenue
White Plains, New York 10604
(914) 872-7338
File: 11522.00056

5220411v.1